C. Adam Buck (023128)
**THE FRUTKIN LAW FIRM, PLC**
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ  85254
buck@frutkinlaw.com
(602) 606-9300
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID E. NUGENT and CRISTY G. NUGENT, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Florida limited liability company; EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a California corporation,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiffs David E. Nugent and Cristy G. Nugent (collectively, the "Nugents") allege as follows:

### THE PARTIES

1. Up until the time of the foreclosure of their home, Plaintiffs were residents of Phoenix, Arizona. In October 2008, Plaintiffs moved to Anchorage, Alaska where they currently reside.

2. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a Florida limited liability company qualified to do business in Arizona.

3. Defendant Equifax Information Services, Inc. ("Equifax") is a Georgia

limited liability company qualified to do business in Arizona.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a California corporation qualified to do business in Arizona.

4. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681 et seq., the "Fair Credit Reporting Act (FCRA) and 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act."

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL BACKGROUND

6. In June 2006, Plaintiffs purchased a home located at 3060 W. Country Club Terrace, Phoenix, Arizona 85027 (the "Property").

7. To buy the home, the Nugents obtained two loans, a first mortgage with Saxon Mortgage Service in the amount of approximately $205,000 (the "Saxon Mortgage") and a second mortgage with Defendant Ocwen Loan Servicing in the amount of approximately $52,000 (the "Ocwen Second Mortgage").

8. In September 2008, due to the economy, the Nugents lost their home to foreclosure.

9. The Property sold at a trustee's sale on December 30, 2008 for $140,250. *See* **Exhibit 1**.

10. For some reason, after the foreclosure, the Ocwen Second Mortgage is still being reported on the Nugents' credit reports as an active and valid account with late payments being reported for numerous months after the date of the trustee's sale.

11. The Nugents are no longer liable for the Ocwen Second Mortgage based on Arizona's Anti-Deficiency laws.

12. Pursuant to A.R.S. §33-814(G) and Arizona case law, after the trustee's sale the Ocwen Second Mortgage is no longer a personal obligations of the Nugents.

13. Ocwen does not have the right to pursue any collection efforts or continue to report this as a valid debt after the date of the trustee's sale.

14. However, Defendants continue to report this invalid information on the

Nugents' credit reports. *See* **Exhibit 2**.

## COUNT ONE
### Violations of the Fair Credit Reporting Act
### 15 U.S.C §1681 et seq.

15. Plaintiffs repeat and re-allege and incorporate each and every allegation set forth above.

16. Defendant Ocwen Loan Servicing is reporting derogatory information about Plaintiffs to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

17. Plaintiffs have disputed the accuracy of the derogatory information reported by Ocwen to the Consumer Reporting Agencies Experian and Equifax via certified mail on June 6, 2013. *See* **Exhibit 3**.

18. On June 19, 2013, Experian responded with a letter stating:

> We are currently investigating with which your clients disagree. Upon completion of this process, we will provide the results of our investigation to your clients for review.

*See* **Exhibit 4**.

19. But, Experian never provided the results of their investigation and did not otherwise verify the accuracy of the Ocwen Second Mortgage information.

20. Equifax did not respond in any way to the certified letter.

21. Ocwen has not responded to Plaintiffs' certified letter of dispute by providing evidence of the alleged debt to Plaintiffs or to the Consumer Reporting Agencies Experian and Equifax.

22. Ocwen has not provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice.

23. Defendant has failed to comply with 15 U.S.C. § 1692g in that it has not within 5 days of Plaintiffs' initial communication (nor at any other time) sent Plaintiffs written documentation of the amount of the debt, the name of the original creditor nor other information required by the Fair Debt Collection Practices Act.

357765.1

24. Defendants have failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs within the 30 day period as required by 15 U.S.C. § 1681s-2.

25. Defendants have not notified Plaintiffs of any determination that Plaintiffs' dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

## COUNT TWO
### Declaratory Relief

26. Plaintiffs repeat and re-allege and incorporate each and every allegation set forth above.

27. This claim is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

28. A current controversy exists between the Nugents and Defendants as to the validity of the Ocwen Second Mortgage, their respective rights, and corresponding obligations, duties, and responsibilities toward one another regarding the Ocwen Second Mortgage after the foreclosure.

29. The Court should declare that the Nugents had no personal liability for the Ocwen Second Mortgage after the trustee's sale and that Defendants should not have reported any negative information from the Ocwen Second Mortgage after the trustee's sale.

30. All of the rights and obligations of the parties hereto arose out of what is actually one series of transactions, happenings or events, all of which can be settled and determined in a judgment in this one action.

31. Court intervention is required to resolve the controversy that exists between the parties.

THEREFORE, Plaintiffs seek the following relief:

A. A judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and the Fair Debt Collections Practices Act;

B. Statutory remedies as defined by 15 U.S.C. §1681n;

C. $1,000 in actual damages;

D. An award of punitive damages;

E. A judgment declaring that the Nugents had no liability for the Ocwen Second Mortgage after the trustee's sale;

F. An injunction ordering Defendants to remove all negative credit reporting relating to the Ocwen Second Mortgage after the date of the trustee's sale; and

G. A permanent injunction against Defendants from selling this alleged debt to any other party until the derogatory information is removed from Plaintiffs' credit reports.

DATED this 6th day of October, 2014.

**THE FRUTKIN LAW FIRM, PLC**

s/ C. Adam Buck
C. Adam Buck
*Attorneys for Plaintiffs*